**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**FERGUSON ENTERPRISES, LLC**                                        CIVIL ACTION

**VERSUS**                                                                        **NO: 23-00511**

**GH MECHANICAL AND SERVICES LLC**                                        **SECTION: "H"**

## ORDER AND REASONS

Before the Court is Plaintiff Ferguson Enterprises, LLC's Motion for Default Judgment against Defendant GH Mechanical and Services LLC (Doc. 14). For the following reasons, this Motion is **GRANTED**.

## BACKGROUND

Plaintiff Ferguson Enterprises, LLC ("Ferguson Enterprises") alleges to have entered into a business relationship with GH Mechanical and Services, LLC ("GH Mechanical") whereby Plaintiff would provide GH Mechanical with construction materials to be used on various construction projects in and around Orleans Parish on a credit basis. On February 9, 2023, Plaintiff filed claims against GH Mechanical, alleging that it had not paid several outstanding invoices, ranging from December 2, 2021 to January 4, 2023, totaling $413,695.55.[1] Thereafter, Plaintiff amended its Complaint noting that a partial payment on February 9, 2023, brought the current unpaid balance to

---

[1] Doc. 1.

1

$399,634.81.[2] Ferguson Enterprises has demanded payments of the amounts owed. However, to date, GH Mechanical has allegedly failed to make full payments for the provision of these construction materials as required by the credit application.[3]

Plaintiff alleges open account, breach of contract, and unjust enrichment claims under Louisiana law.[5] Defendant was personally served through its registered agent, Allen Square, with a Summons and copy of the First Amended Complaint on June 27, 2023.[6] Defendant has since failed to respond or answer the Summons and Plaintiff's First Amended Complaint.

Plaintiff filed an application for entry of default with an Affidavit in support thereof on August 10, 2023.[7] The Clerk of Court entered default against the Defendant on August 11, 2023.[8] Plaintiff then filed the instant Motion for Default Judgment.[9] Plaintiff requests that the Court enter a judgment in its favor and against GH Mechanical in the amount of $399,634.81.[10] Plaintiff also requests pre-judgment interest, attorneys' fees and costs associated with collection, and post-judgment interest at the statutory rate until the judgment is paid in full.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) authorizes the clerk to make an entry of default against defendants who fail to answer or otherwise defend a plaintiff's complaint within the required time period.[11] An entry of default

---

[2] Doc. 6.
[3] *Id.*
[5] *Id.*
[6] Doc. 11.
[7] Doc. 12.
[8] Doc. 13.
[9] Doc. 14.
[10] *Id.*
[11] FED. R. CIV. P. 55.

results in a plaintiff's well-pleaded factual allegations being deemed admitted.[12] Nevertheless, a defendant against whom a default has been entered "is not held to admit facts that are not well-pleaded or to admit conclusions of law."[13]

Following the entry of default, a plaintiff may move for default judgment against the defendant in default.[14] "[A] defendant's default does not in itself warrant the court in entering a default judgment" as "[t]here must be a sufficient basis in the pleadings for the judgment entered."[15] Although judgments by default are "generally disfavored,"[16] the decision to enter default judgment is within the sound discretion of the trial court.[17] If the plaintiff's claim is for a sum certain and the defendant has not made an appearance in court, the clerk may enter a default judgment.[18]

The Court is entitled to consider several factors when determining whether to enter a default judgment, including, "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion."[19]

---

[12] Meyer v. Bayles, 559 F. App'x 312, 313 (5th Cir. 2014) (citing Nishimatsu Const. Co. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).

[13] *Nishimatsu*, 515 F.2d at 1206.

[14] FED. R. CIV. P. 55(b)(2).

[15] *Nishimatsu*, 515 F.2d at 1206.

[16] Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000).

[17] Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001) (citing Mason v. Lister, 562 F.2d 343, 345 (5th Cir. 1977)).

[18] FED. R. CIV. P. 55(b)(1).

[19] Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998).

The Fifth Circuit has acknowledged that an evidentiary hearing can be held when the damages claimed are unliquidated.[20] However, an evidentiary hearing is unnecessary when the amount of damages claimed is a liquidated sum or an amount "capable of mathematical calculation."[21]

## LAW AND ANALYSIS

Plaintiff requests a default judgment against Defendant GH Mechanical, claiming it has failed to respond in the proper time and has not requested an extension as required by Rule 55(a) of the Federal Rules of Civil Procedure.[22] Defendant has failed to file responsive pleadings or appear in this case. The Court must first examine its jurisdiction over this subject matter and the parties before proceeding to the merits of Plaintiff's Motion for Default Judgment.[23]

### i.   Subject Matter Jurisdiction

Subject matter jurisdiction in this case is premised upon diversity of citizenship.[24] Cases arising under § 1332 require, *inter alia*, complete diversity of citizenship. Plaintiff Ferguson Enterprises, LLC is a limited liability company wholly owned by its member Ferguson PLC, a British entity with its principal place of business located in Wokingham, United Kingdom. Defendant GH Mechanical and Services LLC is a limited liability company owned by its two members, Allen Square, a Louisiana citizen, and Robert Leiskau, a Texas citizen. Complete diversity of citizenship exists because Plaintiff, through its member, is a citizen of Great Britain, and Defendant, through its members, is

---

[20] James v. Frame, 6 F.3d 307, 310 (5th Cir. 1993).
[21] *Id.*
[22] FED. R. CIV. P. 55.
[23] Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY, 242 F.3d 322, 324 (5th Cir. 2001).
[24] *See* 28 U.S.C. § 1332.

a citizen of Texas and Louisiana. Further, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### ii. Personal Jurisdiction

Plaintiff states that this Court has personal jurisdiction over Defendant GH Mechanical because Defendant is registered to do business in Louisiana and holds an open account related to the provision of construction materials for construction projects that were performed, in whole or in part, in Orleans Parish and Jefferson Parish, Louisiana.[25]

"A court has personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over the defendant, and (2) the forum state's exercise of jurisdiction complies with due process."[26] Because Louisiana's long-arm statute extends jurisdiction to the limits of due process,[27] the Court need only determine if subjecting the Defendant to suit in Louisiana would offend the Due Process Clause of the 14th Amendment.[28] To satisfy the requirements of the Due Process Clause, a nonresident defendant must "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"[29] A defendant's minimum contacts satisfy traditional notions of fair play and substantial justice if "the defendant's conduct and connection with the forum state are such that [the defendant] should reasonably anticipate being haled into court there."[30]

---

[25] Doc. 6.

[26] Joe Hand Promotions, Inc. v. Ashby, No. 13-4747, 2014 WL 1330027, at *2 (E.D. La. Apr. 2, 2014) (citing Latshaw v. Johnson, 167 F.3d 208, 211 (5th Cir. 1999)).

[27] See LA. REV. STAT. § 13:3201.

[28] Dickson Marine Inc. v. Panalpina, Inc., 179 F.3d 331, 336 (5th Cir. 1999).

[29] Id. at 316 (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940).

[30] Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985) (quoting World–Wide Volkswagen v. Woodson, 444 U.S. 286, 297 (1980)).

The Supreme Court has held that "with respect to interstate contractual obligations … parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other state for the consequences of their activities."[31] In the Fifth Circuit, "when a nonresident defendant takes 'purposeful and affirmative action,' the effect of which is 'to cause business activity, foreseeable by (the defendant), in the forum state, such action by the defendant is considered a 'minimum contact' for jurisdictional purposes.[32]

Here, Defendant reached out and created a continuing relationship and obligation with Plaintiff to purchase construction materials for projects in and around the New Orleans area. Defendant completed a credit application with the Plaintiff and listed its registered agent as Allen Square, a Louisiana resident. Defendant ordered hundreds of thousands of dollars worth of construction materials for multiple projects from Plaintiff. Accordingly, the Court finds that Defendant GH Mechanical engaged in sufficient minimum contacts with Louisiana. For these reasons, the Court has personal jurisdiction over GH Mechanical.

### iii.   Venue

"A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject to the action is situated."[33]

---

[31] *Id.* at 473 (quoting Travelers Health Ass'n v. Virginia, 339 U.S. 643, 647 (1950)); *see also* Cent. Freight Lines Inc. v. APA Transp. Corp., 322 F.3d 376, 382 (5th Cir. 2003) (finding that the defendant, who deliberately communicated with plaintiff by telephone and mail with the intention of entering into a long-standing contractual relationship, should have reasonably anticipated being haled into court in Texas on a breach of contract claim despite never physically entering the State of Texas to deliver freight to customers).

[32] Miss. Interstate Express, Inc. v. Transpo, Inc., 681 F.2d 1003, 1007 (5th Cir.1982) (quoting Marathon Metallic Bldg. Co. v. Mountain Empire Const. Co., 653 F.2d 921, 923 (5th Cir. 1981)).

[33] 28 U.S.C. § 1391(B)(2).

According to the Complaint, a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this judicial district. Namely, Defendant's construction projects occurred, in part or in whole, in Orleans Parish and Jefferson Parish, Louisiana.[34] Therefore, venue is proper in this district.

### iv.   Suit on Open Account

The record reflects that Defendant GH Mechanical was served with the summons and complaint on June 27, 2023, and has failed to appear, plead, or otherwise defend itself in this action.[35] The Court also finds that jurisdiction is proper in this district. Accordingly, this Court will award a default judgment in Plaintiff's favor if the facts alleged in the Complaint constitute a legitimate cause of action.[36] The Court must therefore determine whether, accepting the well-pleaded factual allegations in the Complaint as true, Ferguson Enterprises is entitled to a judgment against GH Mechanical for $399,634.81, in addition to an award of attorneys' fees and post-judgment interest at the statutory rate until the judgment is paid in full. Here, Plaintiff brings claims for open account, breach of contract, and unjust enrichment.

An open account is defined as "any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions."[37] To recover on an open account, "the creditor must first prove the account by showing that it was kept in the course of business and by introducing supporting testimony regarding its accuracy."[38] The burden then

---

[34] Doc. 6.

[35] Doc. 11.

[36] *See* Farrell v. Landrieu, No. 14-0072, 2016 WL 1714227, at *2 (E.D. La. Apr. 1, 2016).

[37] *Id.* (citing LA. REV. STAT. § 9:2781(D)).

[38] Bisso & Miller, LLC v. Marsala, 215 So. 3d 469, 472 (La. App. 5 Cir. 2017); *see also* CACV of Colo., LLC v. Spiehler, 11 So. 3d 673, 675 (La. App. 3 Cir. 2009); Newman v. George, 968 So. 2d 220, 224 (La. App. 4 Cir. 2007).

"shifts to the debtor to prove the inaccuracy of the account or to prove that the debtor is entitled to certain credits."[39]

Plaintiff's complaint establishes that it sent GH Mechanical written demand for the amount owed and such was not paid within 30 days.[40] Plaintiff asserts that Defendant has not paid $399,634.81 from numerous invoices detailed in the Complaint. Plaintiff submits as evidence the invoice list and an affidavit of Plaintiff's Credit Manager, Mary Lou Schwartz, who states that the invoices are business records.[41] Plaintiff has therefore met its initial burden at this stage to recover on the open account. Having shown the elements of an open account claim, the Court finds that Plaintiff is entitled to an award of damages.[42] Accordingly, Plaintiff is entitled to a judgment in the amount of $399,634.81, which has been established by affidavit and invoices attached to the Motion.[43]

Pursuant to Louisiana law, a claimant may also recover reasonable attorneys' fees for the prosecution and collection of an open account claim.[44] Louisiana Revised Statutes § 9:2781 provides that:

> when any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant.[45]

---

[39] *Bisso & Miller*, 215 So. 3d at 472.
[40] Doc. 6.
[41] Doc. 14-1.
[42] Defendant is liable for the full amount of Plaintiff's requested damages as a result of it open account claim; therefore, this Court need not address Plaintiff's other theories of liability.
[43] Doc. 14-1.
[44] Factor King, LLC v. Block Builders, LLC, 193 F. Supp. 3d 651, 658 (M.D. La. 2016).
[45] LA. REV. STAT. § 9:2781.

Accordingly, Plaintiff is also "entitled to recover reasonable attorney's fees, costs, and prejudgment and post judgment legal interest in obtaining this Judgment."[46] The Court must determine the reasonableness of the attorneys' fees and costs sought by Ferguson Enterprises. To calculate an attorneys' fees award, the district court first calculates the "lodestar."[47] The lodestar is the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly billing rate.[48] However, the Court retains broad discretion in setting the appropriate award of attorneys' fees.[49]

In calculating the number of hours reasonably expended on the litigation, whether the total number of hours claimed were reasonable, and whether specific hours claimed were reasonably expended, the court must first ascertain the nature and extent of the services supplied by defendant's attorneys.[50] Ferguson Services reports that it has incurred attorneys' fees in the amount of $3,500 and costs in the amount of $1,230.60.[51] However, Ferguson Enterprises does not detail the hourly billing rate, nor the number of hours spent on the litigation. Accordingly, there is insufficient information before this Court to determine the reasonableness of the amount of attorneys' fees and costs requested.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment is **GRANTED**. Judgment shall be entered against GH Mechanical and Services,

---

[46] Int'l Constr. Equip., Inc. v. Laborde Constr. Indus., L.L.C., No. 15-433, 2016 WL 4480689, at *3 (M.D. La. Aug. 24, 2016).
[47] Forbush v. J.C. Penney Co., 98 F.3d 817, 821 (5th Cir. 1996).
[48] Hensley v. Eckerhart, 461 U.S. 424, 433–34 (1983).
[49] Id. at 437.
[50] Id. at 438.
[51] Doc. 14-1.

LLC in the amount of $399,634.81, plus prejudgment and post judgment interest thereon, for unpaid accounts provided by Plaintiff Ferguson Enterprises, LLC. In addition, Plaintiff shall be awarded reasonable attorneys' fees and costs pursuant to Louisiana Revised Statutes § 9:2781. Plaintiff shall file an Affidavit of Attorney's Fees and Costs incurred in obtaining this Judgment within 20 days of this Order so that reasonable attorney's fees may be calculated. The affidavit should detail, at minimum, the number of hours expended on the litigation and the hourly billing rate.

New Orleans, Louisiana this 8th day of February, 2024.

HON. JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

10